United States District Court
Southern District of Texas
**ENTERED**
April 02, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONJA L. REESE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-2787 |
| | § | |
| ANDREW SAUL, *Commissioner of Social Security Administration*, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff Sonja L. Reese's ("Plaintiff") motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Dkt. No. 15.) Defendant Andrew Saul ("Commissioner") has not opposed the request. Based on the briefing and applicable law, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED** as modified below.

**I.    BACKGROUND**

Plaintiff filed this suit against Commissioner seeking review of the denial of supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A). (Dkt. No. 1.) The parties filed cross-motions for summary judgment. (Dkt. Nos. 10 & 11.) The Court issued a Memorandum and Recommendation ("M&R") finding the ALJ made erroneous factual findings regarding Plaintiff's wheelchair prescription and her ability to ambulate without it, potentially impacting her residual functional capacity and the ultimate determination that she could work. (Dkt. No. 13.) The Court recommended Plaintiff's motion for summary judgment be granted and

---

[1] On July 24, 2020, the District Judge referred the entire case to the undersigned for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Dkt. No. 9.)

the case be remanded for a new administrative hearing. (*Id.*) On November 19, 2020, the District Judge adopted the M&R and remanded the case pursuant to the fourth sentence of 42 U.S.C. § 405(g).[2] (Dkt. No. 14.) Plaintiff subsequently moved for attorney's fees under the EAJA, seeking an award in the amount of $7,246.03 for a total of 36 hours of work by her attorney, James Foster Andrews ("Mr. Andrews"). (Dkt. No. 15.) As described below, the Court recommends granting Plaintiff's request with a slight modification as to the amount awarded.

## II.     ATTORNEY'S FEES UNDER THE EAJA

The EAJA allows courts to award attorney's fees to a prevailing party in litigation against the United States, including in judicial review of Social Security benefits. 28 U.S.C. § 2412(d)(1)(A); *see Norton v. Comm'r*, No. 18-CV-352, 2020 WL 1139859, at *1 (E.D. Tex. Mar. 9, 2020). The purpose of the attorney's fees provision is to "ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988). A party is entitled to such an award when: "(1) the party is a prevailing party, (2) the party timely files a fee application, (3) the Court finds the position of the government was not substantially justified, and (4) no special circumstances make an award unjust." *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017) (citing 28 U.S.C. § 2412(d)(1)); *see also Perales v. Casillas*, 950 F.2d 1066, 1072 (5th Cir. 1992). The amount of attorney's fees is determined by the hourly rate and time expended on the case, rather than by a percent of the benefits recovered. *Norton*, 2020 WL 1139859, at *1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).

---

[2] The fourth sentence of § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Court finds—and Commissioner does not dispute—that each of the requirements for an EAJA fee award has been met. First, the Court remanded the case under sentence four of 42 U.S.C. § 405(g), which makes Plaintiff the prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). Second, Plaintiff filed her fee application on December 1, 2020, less than two weeks after the District Judge remanded the case, making the motion timely. (Dkt. No. 15.)[3] Third, Commissioner's position was not substantially justified, as the ALJ's errors warranted remand and Commissioner has not attempted to argue otherwise. *See Arteaga v. Saul*, No. 18-CV-3475, 2020 WL 7010036, at *2 (S.D. Tex. May 14, 2020) (noting Commissioner has the burden of proving his position was substantially justified). Fourth, there are no special circumstances that would make an award unjust in this case. Therefore, Plaintiff is entitled to attorney's fees.

The Court must now determine the amount of fees to be awarded. As to the time expended, Mr. Andrews billed a total of 36 hours for this case. (Dkt. No. 15-1.) While the Court has some concerns about block billing and billing for clerical tasks, Commissioner does not oppose reimbursement for the 36 hours requested. Moreover, courts typically award between 30 and 40 hours of attorney work for Social Security appeals. *See Norma Jane T. v. Saul*, No. 19-CV-3320, 2021 WL 965910, at *2 (S.D. Tex. Mar. 15, 2021); *Mesecher*, 2017 WL 4417682, at *2 (collecting cases). The Court, therefore, finds the number of hours billed reasonable and supported by the record.

As to the hourly rate, Mr. Andrews requests $200.42 per hour for hours worked in 2019 and $201.60 per hour for hours worked in 2020. (Dkt. No. 15 at 4.) The EAJA provides for $125

---

[3] Under the EAJA, a prevailing party must move for attorney's fees within 30 days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

per hour, but courts have discretion to adjust this rate based on increases in cost of living. 28 U.S.C. § 2412(d)(2)(A); *see Chargois v. Barnhart*, 454 F. Supp. 2d 631, 635 & n.8 (E.D. Tex. 2006). Courts routinely use the Consumer Price Index ("CPI") compiled by the U.S. Bureau of Labor Statistics to determine such adjustments. *Norma Jane T.*, 2021 WL 965910, at *2; *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Based on the CPI for Houston, Texas for 2019,[4] the $125 base rate should be adjusted to $200.42 per hour.[5] Mr. Andrews worked 9.8 hours in 2019 and thus should be reimbursed $1,964.12 for that year. For 2020, the $125 base rate should be adjusted to $200.74 per hour.[6] Mr. Andrews worked 26.2 hours in 2020 and thus should be reimbursed $5,259.39 for that year. The Court, therefore, recommends Plaintiff be awarded a total of $7,223.51 under the EAJA for Mr. Andrews' work on this case.

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's motion for attorney's fees be **GRANTED** in the amount of $7,223.51.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant

---

[4] *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston, TX, https://www.bls.gov/regions/southwest/data/consumerpriceindexhistorical_houston1982-84_table.pdf (last visited March 30, 2021).

[5] This rate is determined by calculating the percentage difference between the CPI for 1996—when the $125 rate was set—and the CPI for the year in question and then adjusting the rate based on that percentage. The average CPI was 142.7 in 1996 and 228.799 in 2019. The percentage difference is 160.336% (228.799/142.7). The hourly rate for 2019 is therefore $200.42 (160.336% x 125).

[6] The average CPI was 142.7 in 1996 and 229.161 in 2020. The percentage difference is 160.589% (229.161/142.7). The hourly rate for 2020 is therefore $200.74 (160.589% x 125). This is slightly lower than the rate requested by Mr. Andrews for 2020; however, it is not clear exactly how he calculated his CPI adjustments. (*See* Dkt. No. 15 at 4.) In order to promote uniformity in the division, the Court uses the rates as calculated. *See Norma Jane T.*, 2021 WL 965910, at *3 (determining the 2020 rate for Houston is $200.74); *Arteaga*, 2020 WL 7010036, at *3 n.5.

to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on April 1, 2021.

Sam S. Sheldon
United States Magistrate Judge